# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 16-1033**                    **September Term, 2024**

**EPA-80FR75178**
**EPA-83FR60696**
**EPA-85FR6064**
**EPA-85FR67665**

**Filed On:** January 30, 2025

American Fuel & Petrochemical
Manufacturers and American Petroleum
Institute,

     Petitioners

    v.

Environmental Protection Agency,

     Respondent

-------------------------------

Consolidated with 16-1035, 19-1015,
20-1105, 20-1504

**No. 20-1336**

**EPA-85FR40386**

RISE St. James, et al.,

     Petitioners

    v.

Environmental Protection Agency and
Administrator, Environmental Protection
Agency,

     Respondents

-------------------------------

Consolidated with 20-1340

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**Nos. 16-1033, et al.**                          **September Term, 2024**


## No. 20-1414

**EPA-85FR49084**

Huntsman Petrochemical LLC,

      Petitioner

    v.

Environmental Protection Agency,

      Respondent

------------------------------

Air Alliance Houston, et al.,
              Intervenors
------------------------------

Consolidated with 20-1417, 20-1418

## No. 24-1174

**EPA-89FR23840**

American Chemistry Council and American
Fuel & Petrochemical Manufacturers,

      Petitioners

    v.

Environmental Protection Agency,

      Respondent

------------------------------

Consolidated with 24-1175

Page 2

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**Nos. 16-1033, et al.**           **September Term, 2024**

**BEFORE:**    Millett, Wilkins, and Rao, Circuit Judges

### O R D E R

Upon consideration of the parties' motions to govern, the responses thereto, and the replies; and the motion of Sierra Club to intervene in petition No. 16-1035, the response thereto, and the reply, it is

**ORDERED** that the environmental petitioners' motions to govern be denied, and that the EPA and industry petitioners' motions to govern be granted.  It is

**FURTHER ORDERED** that petition No. 16-1033 be dismissed, that the consolidation of No. 16-1033 with No. 16-1035, et al., be terminated, and that the motions for leave to intervene in No. 16-1033 be dismissed as moot.  It is

**FURTHER ORDERED** that the motion of Sierra Club to intervene in petition No. 16-1035 be granted.  It is

**FURTHER ORDERED** that the consolidated petitions in RISE St. James v. EPA, No. 20-1336, et al., and the consolidated petitions in Huntsman Petrochemical v. EPA, No. 20-1414, et al., remain in abeyance, and that the consolidated petitions in American Chemistry Council v. EPA, No. 24-1174, et al., be held in abeyance, pending further order of the court.  The parties in RISE St. James v. EPA, Huntsman Petrochemical v. EPA, and American Chemistry Council v. EPA are directed to file motions to govern further proceedings in those cases within 30 days of this court's resolution of Air Alliance Houston v. EPA, No. 16-1035, et al.  It is

**FURTHER ORDERED** that Air Alliance Houston v. EPA, No. 16-1035, et al., be returned to the court's active docket and that the following briefing schedule and format apply:

| | |
|---|---|
| Certified Index to the Record | March 3, 2025 |
| Petitioners' Opening Brief<br>(Joint brief of petitioners and intervenor Sierra Club;<br>not to exceed 13,000 words) | March 12, 2025 |
| Respondent's Brief<br>(not to exceed 13,000 words) | May 12, 2025 |

Page 3

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**Nos. 16-1033, et al.**                                        **September Term, 2024**

| | |
|---|---|
| Respondent-Intervenors' Joint Brief (not to exceed 9,100 words) | May 19, 2025 |
| Petitioners' Reply Brief (Joint brief of petitioners and intervenor Sierra Club; not to exceed 6,500 words) | June 9, 2025 |
| Deferred Appendix | June 16, 2025 |
| Final Briefs | June 30, 2025 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in their opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43-44 (2024); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**Nos. 16-1033, et al.**                    **September Term, 2024**


      Pursuant to D.C. Circuit Rule 36, the disposition of No. 16-1033 will not be published.  The Clerk is directed to issue the mandate in No. 16-1033 forthwith to the Environmental Protection Agency.


**<u>Per Curiam</u>**